Nott, J.,
dissenting:
If tbe facts in this case were like those in Grossmayer’s Case, {ante, p. 1,) I should not feel at liberty to dissent again upon tbe point there determined, for a point of law properly decided by a court is tbe law of tbe land until properly overruled, and as such is obligatory not only upon citizens and suitors, but equally upon tbe judges and officers of tbe court.
Tbe difference between this case and Grossmayer’s is that there tbe claimant gave no evidence'whatever as to tbe loyal or disloyal character of those from whom be bought bis cotton, and, in fact, did not himself know; while here it appears positively that tbe vendors from whom tbe claimant bought, and with whom be dealt, were disloyal persons, and had been, the one an officer in tbe rebel military service, and tbe other tbe Confederate cotton agent in Savannah.
With regard to tbe construction given to tbe “ Confiscation” and "Abandoned or captured property acts,” I fully agree that a claimant in this court seeking tbe proceeds of captured property, lias but to prove three things: ownership, a right to the proceeds, and his own loyalty; bub as to what constitutes "ownership ” under those statutes, and as to tbe construction given to those statutes on tbe requisites of “ ownership,” I dissent upon the following grounds:
1st. The “ Abandoned or captured, property aet” removed from tbe jurisdiction of tbe district courts all cases relating to abandoned or captured property; .so that this court possesses, respecting them, an exclusive jurisdiction, and it would be absolutely impossible for tbe government to libel tbe property *335 and proceed to judgment under tlie “ Confiscation act.” Allowing a suit here for tbe proceeds of tbe propeity, and requiring a suit there for tbe forfeiture of tbe property, would be a circuity of action and double vexation never intended by tbe later act.
2d. Tbe “ Abandoned or captured property act” not only substitutes another remedy for that given by tbe “ Confiscation act,” but entirely reverses tbe positions and rights of tbe parties. Under tbe earlier act tbe proceedings were instituted by tbe government, and were against tbe property; under tbe later tbe government acquires possession of tlie property, and tbe suit must be maintained by tbe owner against tbe government. Under tbe former act tbe property remained till condemnation in tbe custody of tbe court; under the latter tbe property vested in tbe government, and tbe owner has but an equity in the proceeds. Tbe legal title followed possession, and passed without condemnation by tbe capture. Tbe burden of proving a superior equity in, and a better right to, tbe .proceeds, is expressly thrown upon tlie claimant.
3d. Tbe “ Abandoned or captured property act” maybe a remedial statute, and may be liberally construed; and yet is not to be held to work tbe repeal of other statutes by implication, nor to enable guilty parties to escape tbe penalties which tbe existing law imposed. Certainly it is not a remedial statute enacted after tbe events were over and tbe condition of parties fixed, lienee our construction must relate back to tbe time when it was enacted, which was before tbe rebellion was half over, and but a few months after tbe “ Confiscation act” bad been enacted. Hence, it was a prospective statute, and not merely remedial, and its framers could never have intended that it should thenceforth allow parties whose property was liable to confiscation to evade the penalty by a sale to their loyal neighbors. Such a construction must also involve this anomaly as a part of tbe legislative intent: that if A, a loyal person, should buy property of B, a rebel, and it should not be captured, then at tbe end of tbe rebellion it should be liable to confiscation, and tbe sale and transfer be deemed void; but if it shoiddbe captured, then A should be deemed tohave a good title, and tbe sale and transfer from B be held valid. Such could not have been tbe legislative intent. If the act ivas intended to be remedial, it was intended to be remedial for property already *336 owned, and not for property thereafter to be bought from public enemies, and in violation of the unrepealed “ Confiscation actP
4th. The “ Abandoned or captured, property act” does not require or imply a construction at variance with the previous statute. It does not say that the claimant shall prove possession, but that he shall prove “ ownership ” Possession is not “ ownershipf it is but evidence, whence the law, in some cases, implies the right of possession. But against one holding lawfully, prior possession is not evidence of superior title. In tliis case the defendants show title to the proceeds by the capture of the property,* and the claimant shows title by a prior transfer from a public enemy, which law and public policy declared absolutely void. Shall the latter title prevail because the statute under which we are proceeding has changed the tribunal having jurisdiction, or cast the burden of proof upon the claimant instead of upon the defendants ? As this case now stands we must hold to support a recovery that Congress, midway in the rebellion, enacted, that thereafter it should be lawful for a rebel officer, then voluntarily bearing arms against the United States, to sell his property while the army of the United States might be actually marching to capture it; and that he who thus bought should acquire a title which should defeat any the United States might acquire by capture'; and, finally, that actual capture and possession of the property by the United States, instead of enuring to their benefit in any way, would only tend to defeat their right to confiscate it, and practically make valid a transfer that would otherwise be declared void.
I also dissent from the ride laid down that the legality of the sale depends upon the honest intent of the parties. The rule which I think should prevail is that where the capture was imminent, and the vendor disloyal, and both these facts known to the vendee, there the sale was a fraud on the act, and the law will impute fraud to the parties, whatever might have been the motive or intent.

 In Cote’s Case, (3 C. Cls. R., p. 64,) this court held that “captured property, after the capture is complete hy twenty-four hours undisturbed possession, or hy being carried into a place of safety is divested from the owner and becomes vested in the captorand also that “under the captured and abandoned property act” the title of the United States is made complete and indefeasible.”